UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| MONA LISA BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. #1:16-cv-897 (TSE/MSN) |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JONAS GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

MEMORANDUM IN OPPOSITION TO COSTCO'S MOTION TO DISMISS
_____

Maxwelle C. Sokol, #89589
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
msokol@robinhoodesq.com

Counsel for Plaintiff

Table of Contents

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Standard of Review and of Pleading. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.  Racially Motivated Denial of Services is Actionable Under §1981. . . . . . . . . . . . . . . . . . . . . . 2

II.  Surveilling, Apprehending, Prosecuting, and Directing Racial Slurs at Ms. Berry
     Constitute Racial Harassment Under Virginia's Civil Hate Crime Statute. . . . . . . . . . . . . . . . . 6

III.  The Complaint Alleges that Ms. Berry was Falsely Imprisoned. . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  The Complaint Alleges that Ms. Berry was Maliciously Prosecuted.  . . . . . . . . . . . . . . . . . . . 9

     A.  Ms. Berry Has Pleaded Lack of Probable Cause. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     B.  Ms. Berry Has Pleaded That Defendants Instituted the Criminal
         Proceedings Against Her and That the Result Was Favorable to Her. . . . . . . . . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Defendants Target Corporation and Jonas Garcia have moved to dismiss plaintiff Mona Lisa Berry's claims against them.  The motion ignores well-pleaded facts and misunderstands the pleading requirements at this stage.  For these and the following reasons, the motion should be denied.

## Background: The Allegations and Claims in the Complaint

While shopping at defendant Target's store in Falls Church, Virginia, Ms. Berry, an African-American woman, was profiled and surveilled by Target loss prevention personnel. When she approached merchandise held out for sale near the store's entrance door, loss prevention employee Mr. Garcia detained her for suspected shoplifting, referring to her by a racial slur in the bargain. She was handcuffed in the store's loss prevention interrogation area, where Target personnel discovered that she had sufficient cash and credit cards to pay for the merchandise in her cart and that she had not concealed any Target merchandise in her purse. Notwithstanding, Target procured her arrest and prosecution for grand larceny.  Having been found not guilty by a jury, Ms. Berry now seeks compensation from Target and Mr. Garcia for racial discrimination in contracting under federal law, targeted surveillance amounting to harassment on the basis of her race, false imprisonment, and malicious prosecution in violation of state law.

Defendants have moved to dismiss these claims largely on the basis that plaintiff did not restate the facts entitling her to relief in the section of the complaint laying out the causes of action.  *E.g.,* Memo. at 5-6 ("She merely incorporated the entire complaint by reference without pleading a short plain statement of the facts or laying out the elements.").  Defendants apparently

1

argue for dismissal based solely on the content of ¶¶37-40 (statement of the causes of action) of the complaint, ignoring the 36 paragraphs of short, plain statements of fact immediately preceding them. The motion is baseless, and Ms. Berry has stated facts sufficient to support each of her claims.

Standard of Review

Plaintiff's sole burden at this point is to present "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), taking as true the allegations in the complaint and all reasonable inferences therefrom. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir.2011). This she has done, and defendants' motion should be denied.

I.   <u>Racially Motivated Denial of Services is Actionable Under §1981</u>

42 U.S.C. §1981 outlaws race discrimination in "mak[ing] and enforc[ing] contracts," such as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[1] Thus, "a[n

---

[1] The Civil Rights Act of 1991 added this expansive language explaining the right encompassed by "make and enforce contracts" under §1981, with the explicit purpose of superseding the Supreme Court's restrictive, albeit short-lived, interpretation thereof in *Patterson v. McLean Credit Union*, 491 U.S. 162, 177 (1989) (the word "enforce" does not include conduct after a contract is formed unless the discrimination at issue "infects the legal process in ways that prevent one from enforcing contract rights."). The Act thus "reaffirm[ed] that the right 'to make and enforce contracts' includes the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship," which includes the right to "not be harassed, fired or otherwise discriminated against in contracts because of [one's] race." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 450 (2008), *quoting* S.Rep. No. 101–315, p. 6 (1990). Ms. Berry's claims are based on

2

African American's] right to 'make and enforce contracts' is violated if a private offeror refuses to extend to a[n African American] solely because he is [African American], the same opportunity to enter into contracts as he extends to white offerees." *Runyon v. McCrary*, 427 U.S. 160, 170-71 (1976) (denying admission to private school applicants solely on basis of race violates §1981). "To establish a prima facie case of discrimination in a § 1981 cause of action relating to the purchase of goods or services, [plaintiff] must establish that: (1) he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers." *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (at summary judgment, evidence adduced supported *prima facie* §1981 case where store rejected black plaintiff's out-of-state checks but accepted those of white patrons).

Under this standard, the complaint states a claim under §1981.  First, Ms. Berry is African-American, Compl. ¶2, and "as an African–American, is a member of a protected class." *Williams*, 372 F.3d at 668.  The suggestion, Memo. at 4, that the magic words "Plaintiff . . . [is] a member of a protected class" are needed to meet this element defies common sense and settled law to the contrary.  *E.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action . . . do not suffice").  Second, Ms. Berry "sought to enter into a contractual relationship," *Williams, supra*, with Target by selecting items for purchase and

---

Target's interference with her right to contract and racial harassment: the core of §1981 even under the more restrictive, now-defunct *Patterson* rule.

3

preparing to go to the checkout area.  Compl. ¶¶14, 19, 23-24, Exh. A.  Third, Ms. Berry acted as

an ordinary patron, selecting and placing in her cart items for purchase and bringing with her

sufficient funds to cover the purchase.  Compl. ¶¶14, 17, 26, 28.  She thus met the ordinary

requirements to complete her purchase, except that Mr. Garcia had racially profiled her as a

shoplifter and interfered with her purchase on that basis.  Id. ¶¶14-16, 24-25, 30.  Fourth, Mr.

Garcia's bigoted remarks demonstrate that he interfered with her purchase because she is African

American, thus denying her the same opportunities as white patrons.[2]  Id. ¶¶25 ("I got me another

n****r"), 29 ("Y'all come in here and steal").  Far from seeking to establish liability based on

Ms. Berry's "merely shopping in a store," Memo. at 3, the complaint has alleged intentional,

racially discriminatory interference with Ms. Berry's attempt to purchase goods that Target held

out for sale.  This is actionable under §1981.

Defendants cite *Hampton v. Dilliard Dept. Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001)

and *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862 (6th Cir. 2001) to establish an alleged circuit

split on "whether §1981 claims apply to shoppers in the commercial context."  Mem. at 2-3.

This analysis fails for two reasons.  First, there is no question that §1981 applies to "commercial

situations" – it is a statute prohibiting race discrimination in contracts qua contracts.  *See, e.g.,*

*Humphries*, 553 U.S. at 450.  It strains logic to not include within "contracts" the commercial

situation of buying and selling goods at a store.  Beyond this plain reading of the statute, in the

---

[2]  Defendants have offered for the court's consideration, Memo. at 4, the incredible
reading of the complaint that plaintiff has admitted the interference with her right to contract was
not racially motivated when she stated that "defendants interfered with her right to contract freely
without regard to race." Compl. ¶37.  Clearly, the clause "freely without regard to race" modifies
Ms. Berry's right to contract under §1981, not defendants' actions toward her.  Defendants'
suggestion to the contrary is nonsensical.

Fourth Circuit, an attempted purchase of goods is a contractual relationship for purposes of

§1981.  *Williams*, 372 F.3d at 667, *supra.*

   Second, *Hampton* and *Christian* are not in conflict with each other on the issue of

whether §1981 applies in commercial contexts: they are both clear that it does.  In *Hampton*, two

plaintiffs, both black, were shopping together in Dillard's: Hampton, who had received a coupon

for perfume sold in the store upon purchasing clothing from another department, and Cooper,

who was shopping with Hampton but did not purchase anything.  When they went to the perfume

counter, a security officer who thought Hampton shoplifted interrupted their attempted

redemption of the coupon, searched her purse, and found no stolen merchandise.  When

Hampton became upset, the security officer threatened to have the police remove her from the

store.  They subsequently sued under §1981 for interference with their attempted redemption of

the coupon.  Cooper's claim was dismissed before trial on the theory that the coupon was a

benefit of Hampton's (not her own) purchase.  The jury found for Hampton on her §1981 claim,

and the Tenth Circuit affirmed.  *Hampton*, 247 F.3d at 1104-05.

   *Christian* also involved two plaintiff shoppers: Christian, who was black, and Edens, who

was white.  They went shopping at Walmart, where an employee offered assistance to Christian

several times in a short period and watched her movements through the store.  Edens was offered

no assistance and was watched only after staff became aware she was with Christian.  The

employee, claiming that Christian was shoplifting, called the police.  The shoppers were escorted

out of the store by police officers and were not allowed to complete their purchases.  The district

court granted Walmart's motion for judgment as a matter of law on the basis that plaintiffs had

not proven intentional discrimination as part of their *prima facie* case.  The Sixth Circuit

5

reversed, holding that intentional discrimination is not an element of a *prima facie* case. *Christian*, 252 F.3d at 871.

Thus, *Hampton* and *Christian* both recognized that interference with an attempted purchase, a "commercial situation," is actionable under §1981.  The cases diverged on the narrow issue of whether intentional discrimination is an element of a *prima facie* case under §1981 (as opposed to something that must *ultimately* be proved at trial).[3]  The cases offer no support for defendants' position, and in fact undermine it.  Both cases involve suspected shoplifters who were not permitted to complete their purchases: precisely the scenario Ms. Berry endured and has alleged here.  As in those cases, Ms. Berry has stated a claim under §1981.

II.      Surveilling, Apprehending, Prosecuting, and Directing Racial Slurs at Ms. Berry
         Constitute Racial Harassment Under Virginia's Civil Hate Crime Statute

*Va. Code.* §8.01-42.1 prohibits "harassment . . . motivated by racial . . . animosity."  For example, in *Johnson v. Hugo's Skateway*, 974 F.2d 1408 (4th Cir. 1992), plaintiff Johnson was the only black patron at defendant skating rink.  The rink's manager asked him to come to a "back room," but did not explain why he wanted to see Johnson and was unresponsive to Johnson's requests for an explanation.  When Johnson did not do as he was instructed, the rink's owner called the police, and Johnson was arrested.  The rink's owner testified that Johnson was singled out because he was skating dangerously, whereas former employees testified that the owners made derogatory remarks about mixed-race couples and were generally biased against

---

[3] The Fourth Circuit has cited *Christian*'s articulation of the standard for a *prima facie* case with approval.  *Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001).

6

African Americans.  A jury found for Johnson on his *Va. Code* §8.01-42.1 claim against the skating rink, and the Fourth Circuit affirmed.  *Id.* at 1419.

The complaint alleges a similar sequence of events as that in *Johnson*, albeit in a different context.  Mr. Garcia, on behalf of Target, followed Ms. Berry for an hour and a half, and Ms. Berry was aware of this.  Compl. ¶¶15-16.  Mr. Garcia later apprehended her apropos of nothing, stated "I got me another n****r," and took her to a back room where he accused her of trying to steal.  *Id.* ¶¶24-27.  Although he found that she had not concealed merchandise and had sufficient funds to cover the items in her cart, he had her arrested and prosecuted (a jury ultimately found her not guilty).  *Id.* ¶¶28, 32, 35.  The affair has caused Ms. Berry mental distress for which she has sought counseling.  *Id.* ¶36.  Finally, in the statement of Ms. Berry's claim under the statute, the complaint alleges, "By surveilling, apprehending, detaining and otherwise harassing Ms. Berry with no cause, and subjecting her to racist remarks, Target, through its agent Mr. Garcia, harassed Ms. Berry on the basis of her race, in violation of *Code of Va.* §8.01-42.1." *Id.* ¶38.

Defendants' response to these allegations is to ignore them.  Memo. at 5 ("[Plaintiff] did not make a short plain statement of how she was harassed").  Black's Law Dictionary defines harassment as "action . . . that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose." HARASSMENT, Black's Law Dictionary (10th ed. 2014).  This is precisely what Ms. Berry has pleaded, and she has stated a claim under *Va. Code* §8.01-42.1 as a result.

III.     The Complaint Alleges that Ms. Berry was Falsely Imprisoned

"False imprisonment is restraint of one's liberty without any sufficient cause therefor."

*Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 50 (1966).  "If a person is under a reasonable

apprehension that force will be used unless he willingly submits, and he does submit to the extent

that he is denied freedom of action, this . . . constitutes false imprisonment." *Id.* at 51.  "[I]t is

not necessary to show malice, ill will or the slightest wrongful intention, and neither the good

faith of a defendant nor that of his employee will defeat plaintiff's right to recover." *Id.  See

Samuel v. Rose's Stores, Inc.*, 907 F. Supp. 159, 164-65 (E.D. Va. 1995) (allegations that store

agent restrained plaintiff, placed him in handcuffs without any legal justification, took him to a

back room, and accused and charged him with theft stated claim for false imprisonment).

Here, the complaint alleges that Mr. Garcia grabbed Ms. Berry's arm, told her to come

with him, and accused her of shoplifting without any cause to do so.  Compl. ¶¶24, 26.  She was

handcuffed in a back room while Mr. Garcia searched her bags and summoned the police.  *Id.*

¶¶27-28, 31.  The search revealed that she had not concealed any merchandise and had sufficient

funds to purchase the items she had selected.  *Id.* ¶28.  Defendants' only response to these

allegations, again, is to ignore them.  Memo. at 5 ("[S]he did not plead the necessary elements

that her liberty was restrained or that Defendants did not have any excuse for the alleged

detention.").  By detaining Ms. Berry against her will when they had no reason to believe she had

shoplifted, and then continuing to detain her when it was clear she had not concealed

merchandise, defendants falsely imprisoned her.

IV.     The Complaint Alleges that Ms. Berry was Maliciously Prosecuted

An action for malicious prosecution requires the plaintiff to show that the prosecution

was "(1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without

probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Stanley v.*

*Webber*, 260 Va. 90, 95 (2000).  When the elements of malicious prosecution have been met,

"the action will be readily upheld."  *Lee v. Southland Corp.*, 219 Va. 23, 26 (1978).  Defendants

concede that Ms. Berry has pleaded that the prosecution was malicious.  Memo. at 5.  The other

three elements are addressed below.


A.     Ms. Berry Has Pleaded Lack of Probable Cause

A malicious prosecution plaintiff must plead a lack of probable cause to institute criminal

proceedings.  *See id.*  Probable cause is defined as "knowledge of such facts and circumstances to

raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is

guilty of the crime of which he is suspected [at] the time the defendant took the action initiating

the criminal charges." *Bennett v. R & L Carriers Shared Servs., LLC*, 744 F. Supp. 2d 494, 514

(E.D. Va. 2010) *aff'd*, 492 F. Appx. 315 (2012), *cert. denied*, 133 S.Ct. 626 (2012). The "opinion

or belief" of the defendant is not the appropriate test. *Giant of Virginia, Inc. v. Pigg*, 207 Va.

679, 684 (1967).  When the facts relating to probable cause are in dispute, the issue is a question

of fact for the jury.  *Lee v. Southland Corp.*, 219 Va. 23, 27 (1978).

The complaint alleges that, after surveilling Ms. Berry for over 90 minutes, Mr. Garcia

apprehended her for suspected shoplifting because she was selecting merchandise held out for

sale next to the store's entrance.  Compl. ¶23-24.  The complaint also explains why probable

9

cause could not have existed for the crime of shoplifting or theft:

> The circumstances did not reasonably permit the conclusion that Ms. Berry was shoplifting. She was selecting merchandise that Target saw fit to make available for sale next to a store door and immediately adjacent to a store security device, which was perfectly visible and which Ms. Berry, like most shoppers, understood would immediately alert security to possible theft. Her cart included an unwieldy rug five feet tall and a twenty gallon plastic container. See Exhibit A. Her activities, like those of all shoppers, were being monitored via video surveillance and displayed conspicuously on a screen facing the entrance to the store, which she had seen many times upon entering the store. Had she gone through the first sliding door, on the way out, she would have had to traverse another approximately fifteen feet of open space, within the store building, to an exterior sliding door. She would then have exited into a gated parking lot from which she could exit to the public street only by paying or showing a sales receipt. Ms. Berry knew all these things.

Compl. ¶26.  Mr. Garcia, on behalf of Target, could not have reasonably concluded that Ms. Berry was shoplifting based on her in-store actions.  Even further, Mr. Garcia discovered, after detaining Ms. Berry and searching her personal effects, that she had not concealed merchandise and had enough money with her to cover the purchase.  *Id.* ¶28.  The complaint thus alleges that defendants lacked probable cause to cause Ms. Berry's arrest and prosecution for alleged shoplifting.


      B.     Ms. Berry Has Pleaded That Defendants Instituted the Criminal
               Proceedings Against Her and That the Result Was Favorable to Her

The final two elements of malicious prosecution are: the criminal proceedings were "instituted by, or with the cooperation of, the defendant," and were "terminated in a manner not unfavorable to the plaintiff." *Stanley*, 260 Va. at 95.  An action for "malicious prosecution lies for 'maliciously causing process to issue.'" *Donohoe Const. Co. v. Mount Vernon Associates*, 235 Va. 531, 540 (1988).  Falsely reporting alleged criminal activity, leading to an arrest and

prosecution, is the paradigm example of instituting criminal process. *See Stanley v. Webber.* 260 Va. 90, 94 (2000) (defendants who reported plaintiff had stolen equipment, when plaintiff was really collecting on a debt, instituted criminal process). Of course, when a criminal proceeding terminates with a finding of "not guilty," it terminates in a manner not unfavorable to the malicious prosecution plaintiff. *E.g.*, *Rodarte v. Wal-Mart Associates, Inc.*, 2013 WL 1898999, at *2 (W.D. Va. May 6, 2013).

As alleged in the complaint, Mr. Garcia, on behalf of Target, summoned an officer, falsely accused Ms. Berry of theft, and then proceeded with the prosecution against her even after it was clear she stole nothing. Compl. ¶¶32-33. A jury subsequently found her not guilty. *Id.* ¶35. This is as clear a case of malicious prosecution as could possibly be alleged.

### Conclusion

For these reasons, Target's and Mr. Garcia's motion to dismiss should be denied.

Respectfully submitted,

MONA LISA BERRY,

By counsel

Dated:   August 9, 2016

Counsel for Plaintiff:

//s// Maxwelle C. Sokol
Maxwelle C. Sokol, #89589
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
msokol@robinhoodesq.com
**BerryMona\PlfOppDefsMTD**

---

Certificate of Service

I, Maxwelle C. Sokol, hereby certify that on this 9th day of August 2016, I electronically

filed the foregoing Memorandum in Opposition to Costco's Motion to Dismiss with the clerk of

the court.

//s// Maxwelle C. Sokol
Maxwelle C. Sokol, #89589
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
msokol@robinhoodesq.com

Counsel for Plaintiff

12