IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MONA LISA BERRY, )<br>    Plaintiff, )<br> )<br> v. )<br> )<br>TARGET CORPORATION, *et al.*, )<br>    Defendants. ) | Case No. 1:16-cv-897 |

## MEMORANDUM OPINION

Plaintiff Mona Lisa Berry, an African-American, was shopping at a Target store in Falls Church, Virginia when, after placing items into her shopping cart and moving toward the checkout line, a store employee accosted her, accused her of shoplifting, using a racial slur in doing so, and required her to go to a back room in the store where she was handcuffed and kept waiting for 40 minutes until the police arrived. On the basis of Target's accusations, plaintiff was prosecuted for shoplifting, but a jury acquitted her. These facts, plaintiff contends, establish her claims for violations of 42 U.S.C. § 1981 and Va. Code § 8.01-42.1, as well as claims for false imprisonment and malicious prosecution under Virginia common law.

Defendants Target Corporation and Jonas Garcia filed a motion to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. The matter was fully briefed and argued orally, following which a bench ruling issued denying defendants' motion. This memorandum opinion elucidates the reasons for that ruling.

I.

Plaintiff Mona Lisa Berry, an African-American, resides in Arlington, Virginia. Defendant Target Corporation is incorporated in Minnesota and operates the Skyline Target store

in Falls Church, Virginia. Defendant Jonas Garcia worked at the Skyline Target as a "Senior Asset Protection Specialist" during the time relevant to this action.

On August 29, 2014, plaintiff was shopping at the Skyline Target store. Shortly after entering the store, Garcia began following plaintiff. Garcia also told other store employees to track her movements with the store's surveillance system. Plaintiff ignored Garcia and continued shopping, putting a plastic storage container and a rug into her shopping cart. Before checking out, she saw a merchandise display that contained bags of potato chips located inside the main entrance/exit doors. Plaintiff moved her shopping cart up to the display and selected a bag of chips for purchase. At that point, she had been in the store for 90 minutes.

As plaintiff proceeded to the checkout counter, Garcia ran up to her, accosted her, and accused her of shoplifting. As he was doing so, Garcia used a racial slur to inform someone over his cell phone or radio that "I got me another n***er." Garcia then ushered plaintiff to what Target calls a "loss prevention interrogation room," where she was handcuffed and required to wait for 40 minutes until the police arrived. During this time, Garcia went through the items in her cart and searched her purse. He discovered no hidden store items, but did find that plaintiff had several hundred dollars in cash, as well as credit cards, in her wallet, which was more than enough to pay for the merchandise she had selected and placed in her shopping cart. While plaintiff was in the room, Garcia told her that "y'all come in here and steal." When plaintiff asked who he was referring to when he said "y'all," Garcia did not respond.

Defendants did not allow plaintiff to purchase the items she had selected and placed in her shopping cart. Instead, they ordered her to remain in handcuffs for about 40 minutes until a police officer arrived. As a result of Target's accusations, the officer arrested plaintiff and transported her to jail. Target then pressed formal charges against plaintiff for grand larceny. A

jury acquitted her of this charge. Then, in July 2016, plaintiff filed this action, alleging four claims: (1) a violation of 42 U.S.C. § 1981; (2) a violation of Va. Code 8.01-42.1; (3) false imprisonment; and (4) malicious prosecution. Defendants moved to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.

## II.

The standard for the factual sufficiency of a complaint is well-established. Under the familiar *Iqbal/Twombly*[1] standard, the "well-pled allegations of the complaint" must be accepted as true and the "facts and reasonable inferences derived therefrom" must be construed "in the light most favorable to the plaintiff." *Harbourt v. PPE Casino Resorts Md., LLC*, 820 F.3d 655, 658 (4th Cir. 2016). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" such that the court can draw "the reasonable inference" that defendants committed the alleged violations. *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (quotation marks omitted). Plaintiff's complaint meets this standard with respect to all four claims.

### A.

Section 1981(a) of Title 42 of the United States Code provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white persons." The statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Plaintiff contends that defendants violated that statute because they prevented her from buying the items in her shopping cart based on racial animus.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In this circuit, to state "a prima facie case of discrimination in a § 1981 cause of action relating to the purchase of goods and services," plaintiff must allege facts to the effect that: (1) she is a member of a protected class, (2) she "sought to enter into a contractual relationship with the defendant[s]," (3) she "met the defendant[s'] ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant[s] to other similarly situated customers," and (4) she was "denied the opportunity to contract for goods or services that was otherwise afforded to white customers." *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

Plaintiff's complaint alleges facts that meet each of these elements. As an African-American, plaintiff is a member of a protected class and obviously satisfies the first element. *Id.* at 668. The second element — that plaintiff "sought to enter into a contractual relationship" with Target — is also satisfied because she was trying to buy items at the store. *See id.* Indeed, plaintiff had selected several items to purchase, placed these items in her shopping cart, and was on the way to the checkout line when Garcia accosted her, accused her of shoplifting, and required her to go to a back room in the store. The third element — that plaintiff met the "ordinary requirements" to purchase her selected items — is also met because she clearly had the means to pay for them. *See id.* The fourth element — that plaintiff was denied the opportunity to purchase her selected items based on her race — is plainly met because of the allegation that Garcia used a racial slur when he detained her. In sum, the facts alleged in plaintiff's complaint state a plausible § 1981 claim.

The Fourth Circuit's decision in *Williams* confirms this result. There, the Fourth Circuit addressed a set of facts quite similar to those in this case and concluded that those facts were sufficient for the plaintiff to show a prima facie case of a § 1981 claim. *Id.* at 667–68. Williams, an African-American, sought to pay for a printer cartridge at Staples with an out-of-state check.

*Id.* at 665. Although Staples had a policy of accepting all checks, the store clerk told Williams that it did not accept out-of-state checks. *Id.* One of Williams' friends, who was white, later told Williams that she had used an out-of-state check at that same store on the same day without any problem. *Id.* at 665–66. The Fourth Circuit held that those facts established a prima facie case of discrimination under § 1981. *Id.* at 668. Although the fact of racial discrimination was established in *Williams* by reference to the fact that Staples had treated a white customer differently, *id.*, that element is satisfied here by Garcia's use of a racial slur in accosting plaintiff and precluding her from purchasing the items she had selected. In short, if the *Williams* facts established a prima facie case of discrimination, it follows that the instant facts are sufficient to survive a threshold dismissal motion.

Defendants seek to avoid this conclusion by arguing that plaintiff, unlike Williams, was not actually in the checkout line when Garcia apprehended her, and therefore she cannot show that she sought to enter into a contractual relationship with Target. This argument fails. Nothing in the *Williams* decision indicates that the entrance to the check-out line serves as a talismanic barrier separating plausible § 1981 claims from implausible ones. To be sure, plaintiff must "establish the loss of an actual, not speculative or prospective, contract interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 435 (4th Cir. 2006). Plaintiff's complaint does precisely this; she alleges that she had items in her shopping cart, she was on her way to the checkout counter to purchase them, and she had the money to pay for them. The facts alleged are sufficient to show "an attempt to purchase, involving a specific intent to purchase an item, and a step toward completing that purchase." *Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958, 963 (8th Cir. 2011) (quotation marks omitted) (stating that plaintiff had shown a "tangible attempt to contract" because he selected an item to purchase, was interrupted by a sales associate

who was watching him, put the item back on the rack, and then went to pay for his other items) (quotation marks omitted).[2] Plaintiff was clearly making a "tangible attempt to purchase . . . specified goods at the store" when Garcia interfered with that attempt. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). Thus, defendants' argument that plaintiff did not attempt to enter into a contractual relationship with Target because she never entered the checkout line is simply unpersuasive.

## B.

Plaintiff's state law claims also survive defendants' motion to dismiss.[3] To begin with, plaintiff has stated a claim for relief under Virginia Code § 8.01-42.1(A), which prohibits intimidation or harassment "motivated by racial . . . animosity." The complaint alleges that Garcia harassed plaintiff based on racial animus because he apprehended her, used a racial slur, and later implied that African-Americans came into Target to steal. Those facts are more than sufficient to establish a plausible claim for relief under Va. Code § 8.01-42.1(A).

---

[2] Other cases similarly show that plaintiffs who are making a clear effort to purchase goods can show an attempt to enter into a contractual relationship as required under § 1981. *See Christian v. Wal-Mart Stores*, 252 F.3d 862, 874 (6th Cir. 2001) ("[W]e have no trouble concluding that [plaintiff] made herself available to enter into a contractual relationship for services ordinarily provided by Wal-Mart: the record reflects that she had selected merchandise to purchase, had the means to complete the transaction, and would, in fact, have completed her purchase had she not been asked to leave the store."); *compare Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 752–53 (5th Cir. 2001) (stating that plaintiff failed to show an attempt to contract because she pointed to "no evidence in the record indicating that she made any tangible attempt to purchase, or to return, specified goods at the store"); *Morris v. Office Max, Inc.*, 89 F.3d 411, 414–15 (7th Cir. 1996) (stating that plaintiffs failed to show that they sought to enter a contractual relationship because they produced "no evidence to suggest that they had anything more than a general interest in [certain] merchandise," and they "failed to demonstrate that they would have attempted to purchase the [merchandise] even if they had not been approached by the police").

[3] Defendants argue that plaintiff's state law claims should be dismissed for lack of jurisdiction because her § 1981 claim, which is the basis for federal question jurisdiction, fails. That argument is obviously meritless because plaintiff's § 1981 claim survives defendants' motion to dismiss.

6

To state a valid false imprisonment claim, plaintiff must allege facts showing that she reasonably apprehended that force would be used against her unless she willingly submitted to defendants, that she "submit[ted] to the extent that [she was] denied freedom of action," and that there was no "sufficient cause" for her confinement. *Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 50–51 (1966). Plaintiff's complaint clearly alleges facts that meet this standard. Thus, she alleges that Garcia took her arm, that she willingly submitted to his command to go to a back room, and that she was handcuffed and forced to sit there for 40 minutes. The complaint also alleges facts that make clear that there was no sufficient reason for the confinement apart from Garcia's unwarranted belief that plaintiff had been engaged in shoplifting. In short, plaintiff's complaint states a plausible claim for false imprisonment.

Finally, the complaint states a claim for malicious prosecution under Virginia law, which requires the following four elements: "that the prosecution was (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Lewis v. Kei*, 281 Va. 715, 722 (2011). Plaintiff has alleged facts that satisfy those elements. First, she alleges that the prosecution for grand larceny was without probable cause because her actions did not provide a reasonable basis to conclude that she was shoplifting. *See Reilly v. Shepherd*, 273 Va. 728, 733 (2007) ("[W]e have defined probable cause as knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected.") (quotation marks omitted). The facts alleged in the complaint indicate that Garcia followed and accosted plaintiff simply for being black — nothing else. Nothing in the facts alleged warrants a reasonable inference that there was probable cause to believe plaintiff was engaged in shoplifting. This lack of probable cause, together with Garcia's

use of a racial slur, invites the inference that defendants were malicious in seeking plaintiff's prosecution for grand larceny. *See id.* As for the remaining two elements, plaintiff alleges that Target pressed charges of grand larceny against her and that the jury acquitted her. Thus, plaintiff's complaint alleges sufficient facts to support a claim of malicious prosecution.

Defendants' final argument for threshold dismissal of the three state law claims is that plaintiff failed to incorporate into her state law claims the factual allegations made elsewhere in the complaint, and hence the state law claims are too conclusory to survive a motion to dismiss. That argument is meritless. The complaint is reviewed as a whole, so the failure to incorporate the factual allegations is not fatal to the state law claims. *See Dolgaleva v. Va. Beach City Pub. Sch.*, 364 F. App'x 820, 825 (4th Cir. 2010) (unpublished) ("[T]he court should evaluate the complaint in its entirety . . . ."). Taken as a whole, the complaint states sufficient facts to support all of the state law claims.

### III.

For the foregoing reasons, defendants' motion to dismiss must be denied.

An appropriate Order has issued.

Alexandria, Virginia
October 6, 2016

/s/
T. S. Ellis, III
United States District Judge